EDWARD M. COLONTUONO, Plaintiff-Appellant, *v.* STATE FARM INSURANCE COMPANY, Defendant-Appellee.

(No. 56023;

First District—October 17, 1972.

B. John Mix, Jr., of Chicago, for appellant.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The plaintiff and his brother Frank were partners in the operation of a gasoline station. Upon the solicitation of Frank Kolavo, an agent for defendant insurance company, plaintiff agreed to purchase an insurance policy on the life of his brother, Frank Colontuono. He paid a six-month premium in the amount of $52.10 and made application for the policy. At that time Kolavo assured plaintiff verbally that the insurance would take effect immediately. Frank Colontuono was killed six days after the date of application, and the defendant refused to pay plaintiff the amount provided for in the policy on the grounds that there was no approval of the application by the home office and that decedent had not taken a required physical examination. Plaintiff made a claim which was denied. This lawsuit was then filed, and the case was tried before a jury. At the close of the evidence the court directed a verdict for defendant, and plaintiff has appealed. The facts follow.

On September 2, 1965, when Frank Kolavo called on the Colontuono brothers, they agreed to purchase insurance in the amount of $20,000 each on the life of the other, the proceeds to be used for the funding of the partnership agreement. They provided Kolavo with the necessary information to fill out the applications. While Kolavo was preparing the forms the brothers asked if a physical examination would be required and he said it would not, since there was not enough money involved. He told them the insurance would go into effect immediately and said, "You can die tomorrow." However, contrary to what he had told them, the "Conditional Binding Receipt" given to each brother contained a provision that a physical examination would be required, that there was no temporary insurance then in effect, and that the application must be approved by the company's regional or home office.

Six days after the purchase of the insurance Frank Colontuono was killed while at the station. Plaintiff subsequently made a claim for $20,000, and defendant denied liability, after which plaintiff filed the instant suit.

At the time of the sale of insurance to the Colontuonos, Kolavo had been an agent of State Farm's for about five months. Prior to that time he was in defendant's training program which included aptitude testing, mastering four volumes of insurance material, preparation of 2,000 essay type questions, and extensive field training conducted by the sales manager, Robert Johnson. Kolavo studied Johnson's sales technique, then made his own sales calls, under Johnson's observation. After completing this training program and passing the State examination, Kolavo was given an agency with four or five hundred clients. He was an agent for defendant exclusively, with actual authority to bind the company in the fire and casualty fields, and was given cards, stationery and promotional signs containing his name and the State Farm emblem.

Robert Johnson testified that he was sales manager for defendant and that his duties included recruiting and training agents, as well as acting as liaison between established agents and the Bloomington office.

Plaintiff called Frank Kolavo as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 60), and sought to show that Kolavo was trained by Johnson; that part of his training was to accompany Johnson on calls and observe his sales technique; that part of Johnson's approach was to inform prospective clients, when asked, that they would be covered immediately upon signing the application and making payment of the first premium, provided there were no misrepresentations in the application. After hearing this testimony outside the presence of the jury, the court refused to admit plaintiff's offer of proof on the ground of relevancy, holding that it was interested only in what transpired at the time of the sale.

It is not disputed that under the written rules of the company Kolavo had no authority to bind the company, and that under the contract in this case the company had the right to require a physical examination and approval of the home office before the insurance became effective. These were rights which could, however, be waived. Plaintiff's offer of proof tended to to show that Johnson's actions in this case constituted a waiver by defendant of its rights under the contract. We do not hold that such a waiver exists in the instant case, for that is a question to be determined by the trier of fact. We hold only that the evidence should have been submitted to the jury for its determination of the issue.

*Pralle v. Metropolitan Life Insurance Co.*, 252 Ill.App. 460, cited by defendant, is distinguishable. In that case, as in the one before us, the agent made representations that the insured would be covered upon signing the application and paying the premium. The court reversed a finding for the plaintiff, but in that case—as distinguished from the one

before us—there was no proof from which it could be concluded that the company had waived its rights under the insurance contract by participating in a training program where the agent was encouraged to make representations of the character here in question.

The case is reversed and remanded with directions to grant plaintiff's motion for a new trial and for such other and further proceedings as are not inconsistent with the views herein expressed.

Reversed and remanded with directions.

STAMOS, P. J., and LEIGHTON, J., concur.